IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENVER ST. CLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.   CIV-07-521-M |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff filed her application for DIB on September 28, 2001 alleging a disability since February 22, 2001 (TR. 81-83). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 69, 68). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on January 15, 2003 (TR. 35-66). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 39-47, 49-59). A vocational expert (VE) also testified at the request of the ALJ (TR. 59-64). The ALJ issued his decision on March 28, 2003 finding that Plaintiff was disabled from February 22, 2001 through April 30, 2002, and was entitled to DIB, but was not disabled thereafter

(TR. 13-16, 16). The Appeals Council denied the Plaintiff's request for review on August 29, 2003, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-6). Plaintiff appealed the final decision of the Commissioner to this Court in CIV-03-1420-T resulting in an Agreed Judgment and Order of Remand entered on April 30, 2004 (TR. 310-311). The Order directed the Commissioner to

> a. further develop the record with treatment records and obtain a consultative orthopedic examination;
> b. evaluate the credibility of Plaintiff's subjective complaints under Social Security Ruling 96-7p citing evidence to support the conclusions; and
> c. reevaluate evidence under the medical improvement review standard, under 20 C.F.R. §404.1594

(TR. 310-311). Thereafter, Plaintiff received a Notice of Award from the Commissioner dated April 19, 2003[1] which awarded Plaintiff back payments from August 2001 through March 2003 and continuing benefits beginning in April 2003 (TR. 326). By letters dated June 9, 15 & 16, 2005, Plaintiff's counsel, citing the Notice of Award and Plaintiff's receipt of continuing benefits, withdrew his request for hearing and review of Plaintiff's claim (TR. 325, 329, 330).

On June 17, 2005, Plaintiff's case proceeded to hearing before an ALJ, in the absence of the Plaintiff, with the ALJ issuing her decision on October 28, 2005 adopting the earlier ALJs decision of March 28, 2003 (TR. 294-303). The Appeals Council denied the Plaintiff's request for review on March 19, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 256-257).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a

---

[1] The Notice of Award is dated April 19, 2003. However, Plaintiff asserts that such was not "issued" until June 15, 2005.

> reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 301). At step two, the ALJ concluded that Plaintiff had severe impairments due to status post cervical and lumbosacral fusion surgeries and status post left shoulder rotator cuff repair and had degenerative disc disease of his cervical and lumbar spinal regions, and history of degenerative arthritis of his knees (TR. 301). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 301). However, the ALJ found that from February 22, 2001 through April 30, 2002, the severity of Plaintiff's health impairments precluded him from performing a 40 hour work week and/or engaging in substantial gainful activity at any exertional or functional level (TR. 302). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 302).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888

> reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 301). At step two, the ALJ concluded that Plaintiff had severe impairments due to status post cervical and lumbosacral fusion surgeries and status post left shoulder rotator cuff repair and had degenerative disc disease of his cervical and lumbar spinal regions, and history of degenerative arthritis of his knees (TR. 301). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 301). However, the ALJ found that from February 22, 2001 through April 30, 2002, the severity of Plaintiff's health impairments precluded him from performing a 40 hour work week and/or engaging in substantial gainful activity at any exertional or functional level (TR. 302). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 302).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888

F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ used the Medical-Vocational Rules as a framework for decision-making and considered the testimony of the VE and determined there were jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 302-303, 300). Thus, the ALJ determined that Plaintiff was not disabled on or after May 1, 2002 (TR. 303).

On appeal to this Court, Plaintiff alleges that the ALJ's decision of October 28, 2005 fails to comply with the parties and this Court's prior agreement and Order on Remand; and the decision further fails to comply with the medical improvement standard as per *Shepard v. Apfel,* 184 F. 3d 1196 (10th Cir. 1999).

The Commissioner in his brief asserts that Plaintiff has waived any right to challenge the Commissioner's final decision by withdrawing his request for hearing (See Commissioner's Brief at pages 3-6). On the contrary, considering the inconsistency with which Plaintiff was treated, no such waiver occurred. Plaintiff's withdrawal of his claim was reasonable considering that the Commissioner had already informed Plaintiff that he was awarded full and continuing benefits; and that Plaintiff was actually receiving benefits well beyond the period of disability established by the ALJ (TR. 330, 325). The Commissioner argues that to hold that no waiver occurred "could indefinitely frustrate the efforts of the Agency to reach a final decision in this case" (See Commissioner's Brief at page 6). Any such frustration in the present case comes as a result of the Commissioner's left hand not knowing what the right is doing. In order to successfully assert waiver the Commissioner must exercise greater care in not paying years of benefits contrary to his own appellate decision.

Plaintiff argues that the the ALJ's decision of October 28, 2005 fails to comply with the parties and this Court's prior agreement and Order on Remand (See Plaintiff's Brief at pages 4-6). In particular, Plaintiff argues that the ALJ failed to obtain a consultative orthopedic examination. However, the medical record shows that on March 17, 2004, a consultative orthopedic examination

4

of Plaintiff was performed by S.M. Waingankar, M.D. (TR. 342-343). The ALJ's decision of October 28, 2005 discusses Dr. Waingankar's findings that

> The Claimant was found to have "hardly any" rotation at the neck and , and forward flexion/extension was limited as well. There was moderate paraspinal spasm around the cervical and lumbar spines. All four extremities had normal motor power, normal reflexes, and no sensory deficit. There was full range of motion without any pain in the shoulders, elbow, and wrists bilaterally. Straight leg raising was to 90 degrees bilaterally. X-rays showed the prior fusions with moderate degenerative changes throughout the cervical and lumbar spines. The doctor opined that no surgery or physical therapy was necessary, and then added that the claimant was disabled by his impairments

(TR. 297, 299). The ALJ's decision also provides a thorough and meaningful discussion and evaluation of the credibility of Plaintiff's subjective complaints under Social Security Ruling 96-7p citing evidence to support the conclusions (TR. 298-299).

Plaintiff also argues that the ALJ failed to correctly apply the medical improvement test (See Plaintiff's Brief at pages 6-9). To apply the medical improvement test, the ALJ must first compare the medical severity of the current impairments to the severity of the impairments which were present at the time of the most recent favorable medical decision finding the claimant disabled. See 20 C.F.R. §404.1594(b)(7). Then, in order to determine that medical improvement is related to ability to work, the ALJ must reassess a claimant's RFC based on the current severity of the impairments which were present at claimant's last favorable medical decision. See 20 C.F.R. § 404.1594(c)(2). The ALJ must then compare the new RFC with the RFC before the putative medical improvements. The ALJ may find medical improvement related to an ability to do work only if an increase in the current RFC is based on objective medical evidence. *Shepard v. Apfel,* 184 F.3d 1196, 1201 (10th Cir. 1999); 20 C.F.R. § 404.1594(c)(2).

The regulations define medical improvement as:

> any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be

> disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the] impairment(s).

20 C.F.R. § 404.1594(b)(1).

The ALJ's decision does not reflect that she engaged in the analysis required by 20 C.F.R. §404.1594(c)(2). In comparing the medical severity of Plaintiff's current impairment to the severity of the impairment which was present at the time of the most recent favorable medical decision finding the claimant disabled the ALJ states that Plaintiff has not sought or required any further significant medical treatments or therapies to address neck, shoulder, or back pain since January 2002 (TR. 299). The ALJ further found that Plaintiff "required a reasonable period of convalescence and recovery following the January 2002 left shoulder surgery; such recovery period would reasonably be at least three months or approximately April 30, 2002" (TR. 298-299). The ALJ fails to identify specific medical evidence which supports her opinion.

The ALJ fails to provide a meaningful discussion or any analysis comparing the medical severity of Plaintiff's impairments prior to and after May 1, 2002. The ALJ's decision also fails to compare the new RFC with the RFC before the putative medical improvements. The ALJ further fails to specifically identify any evidence, other than the testimony of the VE, that Plaintiff's RFC had improved (TR. 299-300). The ALJ fails to identify medical improvement substantiated by changes in signs, symptoms, or laboratory findings, which took place by December 31, 1992, sufficient to support a conclusion that disability had ceased. *Shepard* at 1202. The ALJ does offer an appropriate summary of the medical evidence, but the absence of analysis of that evidence under the medical improvement standard frustrates judicial review of the ALJ's decision.

On remand, the ALJ should offer a meaningful discussion and analysis which links her findings to specific evidence.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 7th day of April, 2008.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE